UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON AT CHICAGO

Nina Abdurakhmanova, Voluntary Administratix of the Estate of Ramiz Guliev, on behalf Ramiz Guliev and all others similarly situated,

Plaintiffs,

-against-

GOLD STAR CARRIERS INC., GSC TRANSHOLDING LLC, GSC CARRIERS, TTS TRANSPORT INC., VICTOR EXPRESS TRUCKING, INC., VICTOR BARANOVICI, ALEXANDRA CHISELIOV, and DANIELA COSCODAN,

Defendants.

Case No.: ___-cv-___ (__)(__)

**CLASS AND COLLECTIVE ACTION COMPLAINT**

*JURY TRIAL DEMANDED*

Plaintiff Nina Abdurakhmanova, Voluntary Administratix (hereinafter "Administratix" of the Estate of Ramiz Guliev, on behalf of Ramiz Guliev (hereinafter "Plaintiff" or "Guliev") and all others similarly situated, by her attorneys Ankin Law Office LLC, alleges, upon personal knowledge as to herself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1. The Defendants[1] are collectively a nationwide company that provides shipping, transport, and logistics services.

---

[1] Gold Star Carriers Inc. ("GSC Inc."), GSC Transholding LLC ("GSC LLC"), GSC Carriers ("GSC"), TTS Transport Inc. ("TTS Inc."), and Victor Express Trucking, Inc. ("VET Inc.") (GSC Inc., GSC LLC, GSC, TTS Inc., and VET Inc. collectively hereinafter the "Corporate Defendants"), and Victor Baranovici ("Baranovici"), Alexandra Chiseliov ("Chiseliov"), and Daniela Coscodan ("Coscodan") (Baranovici, Chiseliov, and Coscodan collectively hereinafter the "Individual Defendants") (the Corporate Defendants and the Individual Defendants collectively hereinafter the "Defendants")

2. The Defendants operate their nationwide business from its headquarters in Rolling Meadows, Illinois within the Northern District of Illinois.

3. The Defendants depend on drivers employed at each of its offices to deliver goods in interstate commerce all over the United States of America.

4. Although these drivers, including Plaintiff, who work or worked for the Defendant, are subject to their control, Defendants have misclassified them as "independent contractors" outside the protections of the federal Fair Labor Standards Act ("FLSA") as well as state wage and hour laws under the Illinois Minimum Wage Act ("IMWA") and the Illinois Wage Payment and Collection Act ("IWPCA").

5. The Administratix brings this action on behalf of Guliev and similarly situated current and former drivers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*, and specifically, its collective action provision, 29 U.S.C. § 216(b), for unpaid minimum wages and overtime.

6. The Administratix also brings this action on behalf of Guliev and all similarly situated current and former drivers who worked for the Corporate Defendants in the United States of America, pursuant to Federal Rule of Civil Procedure 23, to remedy violations for unpaid minimum wages and overtime, and under the IMWA, 820 Ill. Comp. Stat. 105/1, *et seq.*, and IWPCA, 820 Ill. Comp. Stat. 115/1, *et seq.*

7. As set forth herein, Defendants' conduct in misclassifying Guliev and all other similarly situated drivers has deprived them of their fair wages and benefits conferred by the nature of the employment relationship Plaintiff and all other similarly situated drivers had.

8. As such, Guliev and the putative class of similarly situated drivers are entitled to unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this is a civil action arising under the FLSA. This court has supplemental jurisdiction over plaintiff's related state law claims arising under state and local laws pursuant to 28 U.S.C. § 1367(a).

10. Plaintiff's state law claims are so closely related to Guliev's claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution, and otherwise are under a common nucleus of operative facts.

11. This Court also has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b).

12. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

13. Venue is proper in this District under 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and the Defendants reside in, and/or do business within, this Northern District of Illinois.

## PARTIES

**Plaintiff**

14. The Administratix is an individual who resides in the State of New York, County of Queens. She is a citizen of New York, and is the widow of Guliev.

15. Upon information and belief, Guliev worked for the Defendants as a driver, from approximately November 2016 through November 12, 2019, the date of Guliev's untimely death in a tragic trucking accident.

16. Nina Abdurakhmanova is entitled to bring this action as Guliev's widow, and, by a Decree from the Queens County Surrogate's Court in the State of New York dated April 12, 2021, has been awarded limited letters of administration of the estate of Guliev to pursue the causes of action herein against the Defendants.

17. A copy of the April 12, 2021 Decree is annexed hereto as **Exhibit "A."**

18. Guliev typically worked between approximately fifty (50) and seventy (70) hours per week for the Defendants' benefit.

19. Guliev was not paid the minimum wage for all hours worked, and was not paid overtime for all of the hours he worked over forty (40) in a workweek.

20. For example, during the week of August 18, 2019 through August 24, 2019, where Guliev traveled from New York to Kentucky, then to Tennessee, then to Texas, and then to Utah, he was paid only $1,074.97 after illegal deductions made for truck rental, IFTA, insurance, mileage, safety, support, and fuel, despite working approximately seventy (70) hours. However, his total pay without deductions was based on a percentage of freight amount, totaling $4,455.00.

21. As a result, where an employee is not paid on an hourly basis, the law requires that the total remuneration be divided into the total number of hours worked to derive a regular rate.

22. Here, for the above-referenced week, Guliev was supposed to be paid $4,455.00 for approximately seventy (70) hours of work, such that his regular rate is $63.64 per hour and overtime rate is $95.46 per hour, and the overtime differential is therefore $31.82.

23. Guliev was therefore entitled to $954.60 in overtime wages for the above-referenced week ($31.82 per hour times 30 hours of overtime).

24. The Administratix estimates that Guliev worked more than forty (40) hours every single week he worked.

25. Guliev was not paid overtime for his hours above forty (40) during the weeks described above.

26. Guliev worked these hours pursuant to the Defendants' policy or practice of encouraging him and other drivers to work full-time schedules, including overtime.

27. Guliev worked these hours pursuant to Defendants' policy or practice of requiring illegal deductions from his agreed-upon pay.

28. Upon information and belief, the deductions applied to Guliev's pay resulted in Guliev earning less than the minimum wage.

29. Guliev is a covered employee within the meaning of the FLSA as well as the IMWA and IWPCA.

30. The Administratix has filed a written consent to join this action in place and stead of Guliev.

31. A copy of the written consent is annexed hereto as **Exhibit "B."**

**Defendants**

32. Upon information and belief, each individually named Defendant is an individual who resides in Rolling Meadows, IL. Upon information and belief, each individual Defendant is a citizen of Illinois with its principal place of business in Rolling Meadows, IL. Each individual Defendant is an employer as defined by the FLSA as well as the IMWA and IWPCA.

33. Upon information and belief, Defendant Victor Baranovici is the owner and/or principal of the Corporate Defendants.

34. Upon information and belief, Defendants Alexandra Chiseliov and Daniela Coscodan have managerial authority over the Corporate Defendants.

35. Each of the individual Defendants had the authority to hire and fire Ramiz Guliev and other drivers, set the terms and conditions of employment (including the schedule and payment terms) of Ramiz Guliev and other drivers, and maintained employment records for Ramiz Guliev and other drivers.

36. Upon information and belief, the Corporate Defendants are Illinois corporations or limited liability companies with corporate headquarters located in Rolling Meadows, Illinois, where the Corporate Defendants maintain their offices and do business in.

37. Defendants are each a covered employer as defined by the FLSA, IMWA, and IWPCA, as joint employers or a single employer.

38. Defendants employed Plaintiff and similarly situated employees within the meaning of the FLSA, IMWA, and IWPCA.

39. Defendants at all relevant times had substantial control over the working conditions of Plaintiff and similarly situated workers, and over the unlawful policies and practices alleged herein at all times relevant to this lawsuit.

40. Defendants controlled Plaintiff's and similarly situated employees' terms and conditions of employment by determining their compensation, setting their schedules, requiring Plaintiff and similarly situated employees to follow their policies and rules, hiring and/or firing Plaintiff and similarly situated employees, and maintaining employment records for Plaintiff and similarly situated employees.

41. On information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000.00.

## COLLECTIVE ACTION ALLEGATIONS

42. Plaintiff brings the first and second Causes of Action, FLSA minimum wage and overtime claims, on behalf of Ramiz Guliev and all similarly situated persons who work or have worked as drivers for Defendants between November 12, 2016,[2] and the date of final judgment, who did not receive the minimum wage for all hours worked and/or overtime for all hours worked over forty (40) in a workweek, and who elect to join this action pursuant to 29 U.S.C. § 216(b) (the "**FLSA Collective**").

43. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

44. As part of its regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

   (a) Willfully misclassifying Plaintiff and the FLSA Collective as "independent contractors;"

   (b) Willfully failing to pay Plaintiff and the FLSA Collective the minimum wage for all hours worked;

   (c) Willfully failing to pay Plaintiff and the FLSA Collective overtime for hours that they worked in excess of forty (40) hours per workweek;

---

[2] The Administratix will seek to equitably toll the statute of limitations from the date of Guliev's death until the time the Administratix received limited letters of administration to pursue the claims herein.

(d) Willfully and unlawfully deducting various expenses from the wages of Plaintiff and the FLSA Collective; and

(e) Willfully failing to record all of the time that Plaintiff and the FLSA Collective have worked for the benefit of Defendants.

45. Defendants are aware or should have been aware that federal and state law required them to, *inter alia*, pay Plaintiff and the FLSA Collective the minimum wage for all hours worked, to pay an overtime premium for hours worked in excess of forty (40) per workweek, and to not unlawfully deduct from their wages.

46. Defendants' conduct has been widespread, repeated, and consistent.

47. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the members of the FLSA Collective.

48. Upon information and belief, the FLSA Collective consists of many similarly situated individuals who have been underpaid by Defendants in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit. Those similarly situated collective members are known to Defendants, are readily identifiable, and can be located through Defendants' records. Notice should be sent to the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## ILLINOIS CLASS ACTION ALLEGATIONS

49. The Administratix brings the third and fourth Causes of Action, on behalf of Guliev and a class of persons who work or have worked as drivers for Defendants nationwide between November 12, 2016 and the date of final judgment, who did not receive the minimum wage for all hours worked and/or overtime for all hours worked over forty (40) in a workweek ("**Illinois Class**").

50. The persons in the Illinois Class are so numerous that joinder of all members is impracticable.

51. Although the precise number of such persons is unknown, the facts on which the calculation of that number depends are presently within the sole control of Illinois.

52. Upon information and belief, the Illinois Class consists of more than one hundred (100) members.

53. Plaintiff will fairly and adequately protect the interests of the Illinois Class.

54. Defendants have acted or refused to act on grounds generally applicable to the Illinois Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

55. Common questions of law and fact exist as to the Illinois Class and predominate over any questions affecting only individual members, and include, but are not limited to, the following:

(a) Whether Defendants misclassified Plaintiff and the Illinois Class as independent contractor drivers;

(b) Whether Defendants failed to pay Plaintiff and the Illinois Class the minimum wage for all hours they worked for its benefit;

(c) Whether Defendants failed to pay Plaintiff and the Illinois Class overtime for hours worked over forty (40) in a workweek;

(d) Whether Defendants made unlawful deductions from the pay of Plaintiff and the Illinois class;

(e) Whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Illinois Class; and

(f) The nature and extent of class-wide injury and the measure of damages for those injuries.

56. Plaintiff's claims are typical of the claims of the Illinois Class she seeks to represent. Plaintiff and the Illinois Class work or have worked for Defendants as drivers and have not been compensated for all the hours they worked.

57. Plaintiff and the Illinois Class have all sustained similar types of damages as a result of Defendants' failure to comply with the IMWA and IWPCA.

58. Plaintiff will fairly and adequately represent and protect the interests of the Illinois Class.

59. A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

60. Class certification is superior because it will avoid duplicative litigation that might result in inconsistent judgments against Defendants' practices.

61. The members of the Illinois Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies and procedures.

## CLASS AND COLLECTIVE FACTUAL ALLEGATIONS

62. Plaintiff and the members of the Illinois Class and FLSA Collective (collectively, "**Class Members**") have been victims of a common policy and plan perpetrated by Defendants that have violated their rights under the FLSA, IMWA, and IWPCA by denying them wages they are owed.

63. Specifically, Plaintiff and the Class Members have all been misclassified as independent contractors, issued pay without an hourly rate and overtime rate – instead based on a formula other than an hourly pay rate – such that no overtime premium was paid whatsoever.

10

64. Further, Defendants have unlawfully deducted various expenses it incurs in its business from the agreed-upon pay it issued to Plaintiff and the Class Members.

65. Plaintiff and the Class Members are therefore similarly situated, and as set forth herein, have met all prerequisites for the certification of a class and collective action.

## COUNT ONE

### Fair Labor Standards Act – Unpaid Minimum Wages

**(Brought on behalf of Plaintiff and the FLSA Collective)**

66. Plaintiff repeats and realleges paragraphs 1 through 66 hereof, as if fully set forth herein.

67. Defendants failed to pay Plaintiff and the FLSA Collective the minimum wages to which they are entitled under the FLSA.

68. Defendants have engaged in a widespread policy, pattern, and practice of violating the FLSA, as detailed in this Class and Collective Action Complaint.

69. At all times relevant, Plaintiff and the FLSA Collective were engaged in commerce and/or production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

70. At all times relevant, Plaintiff and the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

71. At all times relevant, Defendants have been an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

72. Defendants were required to pay Plaintiff and the FLSA Collective the applicable minimum wage for all work performed from November 12, 2016, to the present.

73. As a result of Defendants' violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

74. Defendants' unlawful conduct, as described in this Complaint, has been intentional and willful.

75. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

76. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

77. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## COUNT TWO

### Fair Labor Standards Act – Unpaid Overtime

### (Brought on behalf of Plaintiff and the FLSA Collective)

78. Plaintiff repeats and realleges paragraphs 1 through 77 hereof, as if fully set forth herein.

79. The overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective.

80. Defendants have failed to pay Plaintiff and the FLSA Collective overtime for hours that they worked in excess of forty (40) hours in a workweek.

81. As a result of Defendants' unlawful acts, Plaintiff and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## COUNT THREE

**Violation of the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1,** *et seq.*

**(Brought on behalf of Plaintiff and the Illinois Class)**

82. Plaintiff repeats and realleges paragraphs 1 through 81 hereof, as if fully set forth herein.

83. The IMWA requires employers to pay their employees minimum wages and time-and-a-half their regular rate of pay of hours worked in excess of forty (40) hours per week. See Ill. Comp. Stat. 105/4 and 4a.

84. Defendants employed the Plaintiff and the Illinois Class as independent contractors without an hourly rate despite the facts Defendants were required to pay them on an hourly basis.

85. Upon information and belief, in virtually every workweek, the Plaintiff and the Illinois Class worked over forty (40) hours per week.

86. Defendants implemented a company-wide policy of misclassifying all drivers as independent contractors and making deductions for their business expenses from the drivers' agreed-upon pay without paying an overtime premium for all hours worked in excess of forty (40) hours per week as required by law.

87. Defendants failed to compensate Plaintiff and the Illinois Class for all hours worked.

88. In addition, Defendants failed to include compensation for weekend shifts and nightshift differentials in their employees' regular rate of pay before statutory overtime compensation is computed.

89. As a result of the Defendants' common illegal policies and practices stated herein, Defendants failed to pay the Plaintiff and the Illinois Class the required overtime compensation at a rate of not less than one-and-one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours per week.

90. 820 Ill. Comp. Stat. 105/12(a) provides that an employee who is not paid in accordance with the IMWA "may recover in a civil action *treble* the amount of any such underpayments together with costs and such reasonable attorneys' fees as may be allowed by the Court, and damages of five percent (5%) of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid."

91. Defendants owe Plaintiff and the Illinois Class wages for hours worked that were not compensated.

92. Defendants' uniform policies and practices, as described herein, have been willful, intentional, unreasonable, arbitrary, and in bad faith.

93. As a result of Defendants' uniform policies and practices described above, the Plaintiff and the Illinois Class are illegal deprived of wages earned, in such amounts to be determined at trial, and are entitled to recovery of treble damages of such total unpaid amounts, statutory monthly damages penalties, reasonable attorneys' fees, costs, and other compensation and damages recoverable under the IMWA.

## COUNT FOUR

**Violation of the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1, et seq.**

**(Brought on behalf of Plaintiff and the Illinois Class)**

94. Plaintiff repeats and realleges paragraphs 1 through 93 hereof, as if fully set forth herein.

95. Defendants employed the Plaintiff and the Illinois Class as independent contractors without an hourly rate despite the facts Defendants were required to pay them on an hourly basis.

96. An implied-in-fact agreement existed between Defendants, on the one hand, and the Plaintiff and the Illinois Class, on the other hand, that Plaintiff and the Illinois Class were to be compensated for all hours worked during their employment with Defendants, as evidenced by Defendants issuing pay stubs on a weekly basis for all trips made in a single week.

97. Defendants implemented a company-wide policy of misclassifying all drivers as independent contractors and making deductions for their business expenses from the drivers' agreed-upon pay without paying an overtime premium for all hours worked in excess of forty (40) hours per week as required by law.

98. Defendants failed to compensate Plaintiff and the Illinois Class for all hours worked, and Defendants therefore owe the Plaintiff and the Illinois Class wages for hours worked that were not compensated.

99. As a result of the Defendants' common illegal policies and practices stated herein, Defendants failed to pay the Plaintiff and the Illinois Class the required overtime compensation at a rate of not less than one-and-one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours per week.

100. 820 Ill. Comp. Stat. 105/14 provides that "[a]ny employee not timely paid wages, final compensation, or wage supplements by his or her employer ... shall be entitled to recover ... in a civil action ... the amount of any such underpayments and damages of [two percent (2%)] of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover all costs and all reasonable attorneys' fees."

101. As a result of Defendants' uniform policies and practices described above, the Plaintiff and the Illinois Class are illegal deprived of wages earned, in such amounts to be determined at trial, and are entitled to recovery of treble damages of such total unpaid amounts, statutory monthly damages penalties, reasonable attorneys' fees, costs, and other compensation and damages recoverable under the IWPCA.

[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests judgment as follows:

(a) That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the members of the FLSA Collective (as defined above). Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied minimum wages for all hours worked, and overtime for all hours worked over forty (40) in a workweek;

(b) Unpaid minimum wages and overtime and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201, *et seq.*, and the supporting United States Department of Labor regulations;

(c) Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(d) Designation of Plaintiff as a Class Representative and counsel of record as Class Counsel;

(e) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, IMWA, and IWPCA;

(f) An injunction requiring Defendants to pay all statutory required wages pursuant to the FLSA, IMWA, and IWPCA;

(g) Unpaid minimum wages, and overtime, and liquidated damages under the FLSA, IMWA, and IWPCA;

(h) Pre- and post-judgment interest;

(i) Attorneys' fees and costs of this action;

(j) A reasonable incentive award for the lead Plaintiff to compensate her for the time she spent attempting to recover wages for Class Members and for the risks she took in doing so; and

(k) Such other relief as this honorable Court shall deem just, equitable, and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated: Chicago, Illinois
July 25, 2021

Respectfully submitted,

**ANKIN LAW OFFICE LLC**

*/s/Matthew C. Friedman, Esq.*
10 North Dearborn Street
Suite 500
Chicago, IL 60602-4202
mfreidman@ankinlaw.com

**EMANUEL KATAEV, ESQ., P.C.**

*/s/Emanuel Kataev, Esq.*
(*pro hac vice* admission pending)
18211 Jamaica Avenue
Jamaica, NY 11423-2327
mail@emanuelkataev.com

*Attorneys for Plaintiff*