UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION AT CHICAGO

| | |
|---|---|
| Nina Abdurakhmanova, Voluntary Administratix of the Estate of Ramiz Guliev, on behalf Ramiz Guliev and all others similarly situated, <br><br>  Plaintiffs, <br><br> -against- <br><br> GOLD STAR CARRIERS INC., GSC TRANSHOLDING LLC, GSC CARRIERS, TTS TRANSPORT INC., VICTOR EXPRESS TRUCKING, INC., VICTOR BARANOVICI, ALEXANDRA CHISELIOV, and DANIELA COSCODAN, <br><br>  Defendants. | Case No.: 1:21-cv-4809 (JJT) (JTG) <br><br> Hon. Judge John J. Tharp Jr. <br><br> Mag. Judge Jeffrey T. Gilbert <br><br><br><br><br><br><br><br><br><br> *JURY TRIAL DEMANDED* |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Gold Star Carriers Inc., GSC Transholding LLC, GSC Carriers, TTS Transport Inc., Victor Express Trucking, Inc. (collectively, the "Corporate Defendants"), Victor Baranovici ("Baranovici"), Alexandra Chiseliov ("Chiseliov"), and Daniela Coscodan ("Coscodan") (collectively, the "Individual Defendants") (collectively, "Defendants") respectfully move this Court to dismiss Voluntary Administratix of the Estate of Ramiz Guliev, on behalf of Ramiz Guliev ("Guliev"), Plaintiff Nina Abdurakhmanova's ("Plaintiff") First Amended Complaint [Dkt. No. 6] ("Amended Complaint" or "Am. Compl.") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Corporate Defendants are a nationwide company that provides shipping, transport, and logistic services; they obtain drivers to deliver goods in interstate commerce across the country. Plaintiff's late husband, Ramiz Guliev, was a driver until his untimely death in a trucking accident.

In her Amended Complaint, Plaintiff asserts four causes of action on behalf of Guliev: (1) unpaid minimum wages in violation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203 (Count I); (2) unpaid overtime in violation of the FLSA (Count II); (3) unpaid wages in violation of the Illinois Minimum Wage Law, 820 ILCS 105 *et seq* ("IMWL") (Count III); and, (4) untimely paid wages in violation of the Illinois Wage Payment and Collections Act, 820 ILCS 115 *et seq* ("IWPCA") (Count IV).

Counts I, II, and III must be dismissed because Plaintiff has not sufficiently plead her claims against the Individual Defendants to establish individual liability under the FLSA and—by extension—the IMWL. Further, Counts I and II must be dismissed because Plaintiff has not plausibly alleged that the Defendants "willfully" violated the FLSA to extend the statute of limitations from two years to three years. Finally, Count IV must be dismissed because Plaintiff does not assert any allegations relating to overtime pay and other terms and conditions from an existing contract or agreement with the Defendants. Moreover, IWPCA is not the proper vehicle to recover minimum wage and overtime pay. Thus, Plaintiff's Amended Complaint must be dismissed in its entirety.

I. **RELEVANT FACTUAL ALLEGATIONS**[1]

The Defendants,[2] based in Rolling Meadows, Illinois, are a nationwide company that provides shipping, transport, and logistics services. (Am. Compl., ¶¶ 1, 2). The Defendants obtain drivers to deliver goods in interstate commerce all over the United States of America. (*Id.* at ¶ 3). Defendant Baranovici is the owner and/or principal of the Corporate Defendants. (*Id.* at ¶ 33).

---

[1] The facts alleged in Plaintiff's Complaint are accepted as true for purposes of this Motion only, and Defendants reserve the right to deny each and any fact alleged in Plaintiff's Amended Complaint.

[2] In her Amended Complaint, Plaintiff does not distinguish between the Corporate Defendants and Individual Defendants. (*See generally*, Am. Compl.)

2

Plaintiff claims Defendants Chiseliov and Coscodan have "managerial authority" over the Corporate Defendants. (*Id.* at ¶ 34). Plaintiff is the Administratix of her late husband, Guliev, who Plaintiff contends worked for the Defendants as a driver from approximately November 2016 through November 12, 2019—the date of Guliev's untimely death in a tragic trucking accident. (*Id.* at ¶¶ 14, 15). Plaintiff contends that the Individual Defendants had "the authority to hire and fire [ ] Guliev and other drivers, set the terms and conditions of employment (including the schedule and payment terms) of [ ] Guliev and other drivers, and maintained employment records for Guliev and other drivers." (*Id.* at ¶ 35).

Plaintiff contends that Guliev typically worked between approximately fifty (50) and seventy (70) hours per week for the Defendants' benefit, but was not paid the minimum wage for all hours worked, and was not paid overtime for the hours worked over forty (40) in a workweek. (*Id.* at ¶¶ 18, 19). As an example, Plaintiff points to the week of August 18, 2019 through August 24, 2019, where Guliev is allegedly entitled to $954.60 in overtime wages for traveling from New York to Kentucky, then to Tennessee, then to Texas, and then to Utah. (*Id.* at ¶¶ 20, 22, 23). Plaintiff claims Guliev's hours were "pursuant to the Defendants' policy or practice of encouraging him and other drivers to work full-time schedules, including overtime," and "requiring illegal deductions from his agreed-upon pay." (*Id.* at ¶¶ 26, 27).

Plaintiff contends that Defendants had "substantial control over the working conditions" of Guliev and over "unlawful policies and practices." (*Id.* at ¶ 39). She purports that Defendants "controlled" Guliev's "terms and conditions of employment by determining their compensation, setting their schedules, requiring [Guliev] to follow their policies and rules, hiring and/or firing [Guliev] and maintain employment records for [Guliev]." (*Id.* at ¶ 40). Plaintiff asserts that Defendants "intentionally, willfully, and repeatedly engage in a pattern, practice, and/or policy of

violating the [FLSA]," such as "willfully misclassifying" Plaintiff as an "'independent contractor[];'" "willfully" not paying minimum wage and overtime hours for all hours worked; "willfully and unlawfully deducting various expenses" from Guliev's wages; and "willfully failing to record all of the time" that Guliev worked. (*Id.* at ¶ 44 (a)—(e)). On September 10, 2021, Plaintiff brought this instant Complaint against Defendants[3] for (1) unpaid minimum wages in violation of FLSA (Count I); (2) unpaid overtime in violation of FLSA (Count II); (3) unpaid wages in violation of IMWL (Count III); and (4) untimely paid wages in violation of IWPCA (Count IV).

## II.  STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule 12(b)(6), a complaint must provide the defendant with fair notice of the basis of Plaintiff's claims, and those claims must be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). A plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In evaluating the sufficiency of a complaint, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," nor do legal conclusions stated as factual allegations. *Iqbal*, 556 U.S. at 678. Plausibility "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

## III. ARGUMENT

**A.  PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(B)(6).**

### 1.  Plaintiff Fails To State A Claim For Recovery Under The IWPCA

---

[3] On October 1, 2021, Plaintiff amended her Complaint [Dkt. No. 6] to revise Mr. Kataev's signature line as "admitted *pro hac vice*".

4

Plaintiff's claim for overtime wages under the IWPCA must fail for two reasons: (1) she does not plead any allegations arising from an employment contract or agreement with the Defendants, and (2) IWPCA is not the appropriate mechanism to recover overtime pay. Under the IWPCA, wages are defined as "any compensation owed an employee by an employer pursuant to an *employment contract or agreement between the two parties*." 820 ILCS 115/2 (emphasis added); *see also Enger v. Chi Carriage Cab Corp.*, 812 F. 3d 565, 568 (7th Cir. 2016) (explaining the IWPCA "defines 'wages' narrowly."). Indeed, to state a claim under the IWPCA, Plaintiff must allege that Defendants "owed [her] unpaid wages pursuant to an employment contract or agreement." *Brand v. Comcast Corp.*, 2013 U.S. Dist. LEXIS 52098, at *6 (N.D. Ill. 2013) (emphasis added) (citing *Landers-Scelfo v. Corporate Office Sys., Inc.*, 365 Ill. App. 3d 1060, 1067 (2d Dist. 2005)). The IWPCA "does not grant any independent right to payment of wages and benefits; instead it only enforces the terms of an existing contract or agreement." *Hughes v. Scarlett's G.P., Inc.*, No. 15-cv-5546, 2016 2016 WL 454348, at * 7 (N.D. Ill. Feb. 5, 2016), *aff'd* 2016 WL 4179153, at *4 (N.D. Ill. Aug. 8, 2016) (internal quotations and citations omitted).

Plaintiff identifies an "implied-in-fact agreement" between Defendants and Plaintiff and the purported class because Defendants "issu[ed] pay stubs on a weekly basis for all trips made in a single week." (Am. Compl., ¶ 96). Yet Plaintiff did not provide the relevant pay stubs or any documents suggesting that an "implied-in-fact agreement," in fact, existed between Defendants and Guliev. (*See generally,* Am. Compl.). Nor does Plaintiff allege *any* allegations as to the compensation terms of the "implied-in-fact" agreement. (*See id.* at ¶¶ 96—101). Indeed, Plaintiff's allegations are reduced down to a boiler plate language of "implement[ing] a company-wide policy of misclassifying all drivers . . . without paying an overtime premium for all hours worked in excess of forty (40) hours per week[.]" (*Id.* at ¶ 97). Without linking her allegations to

5

"the terms of an existing contract or agreement," Plaintiff has failed to state a claim for overtime pay under the IWPCA. *Hughes*, 2016 2016 WL 454348, at *7, *aff'd* 2016 WL 4179153, at *4 (dismissed plaintiff's IWPCA claim where she identified a contract purporting to classify her as an independent contractor, but failed to plead any allegations as to the compensation terms of the contract).

Moreover, the IWPCA is not the appropriate mechanism to recover overtime pay. *See Jaramillo v. Garda, Inc.*, No. 12-C-662, 2012 WL 1378667, at *2-3 (N.D. Ill. 2012) (dismissed plaintiff's claim for overtime pay under IWPCA because the statute does not cover overtime claims); *Dominguez v. Micro Center Sales Corp.*, No. 11-C-8202, 2012 WL 1719793, at *1 (N.D. Ill. 2012) ("As the [statute] makes clear, the IWPCA mandates overtime pay or any other specific kind of wage only to the extent the parties' contract or agreement requires such pay.") (quoting *Hess v. Kanoski & Assocs.*, 668 F. 3d 446, 453-54 (7th Cir. 2012)); *compare Wharton v. Comcast Corp.*, 912 F. Supp. 2d 655, 661 (N.D. Ill. 2012) (found *Jaramillo* "no longer valid" because Illinois Department of Labor began using a new form including a spot for IWPCA claimants to claim overtime violations) *with Brand v. Comcast Corp.*, No. 12-cv-1122, 2013 WL 1499008, at *6 (N.D. Ill. 2013) (declined to follow *Wharton*, noting that Illinois Department of Labor continues to distinguish between claims for unpaid wages under the IWPCA, in contrast to claims for minimum wage or overtime violations under the IMWL). It is clear that this Court has routinely held that the IWPCA is not the proper vehicle for claiming minimum wage and overtime pay. As such, Count IV of Plaintiff's Amended Complaint for overtime pay under the IWPCA [*see* Am. Compl. ¶¶ 97—99] should be dismissed, in its entirety with prejudice.

      **2.      Plaintiff's Amended Complaint Against Individual Defendants Fails To State A Claim For Individual Liability Under The FLSA and The IMWL.**

      Plaintiff has not sufficiently pled her claims against the Individual Defendants to establish individual liability under the FLSA. Courts impose individual liability on officers or agents of a corporation under the FLSA if those individuals have supervisory authority over the employee and are either responsible in whole or in part for the alleged violation. *Riordan v. Kempiners*, 831 F. 2d 690, 694 (7th Cir. 1987) (citing 29 U.S.C. § 203(d)). In determining whether an individual is an employer under the FLSA, courts assess the "economic reality" of the working relationship, noting factors such as whether the individual: (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. *Herself v. Penn Nat'l Gaming Inc.*, 790 F. Supp. 2d 787, 795 (N.D. Ill. 2011). Because the IMWL's definition of "employer" parallels the FLSA, the same analysis will generally apply to both the FLSA and the IMWL. *Id.* at n. 3 (citing *Condo v. Sysco Corp.*, 1 F.3d 599, 600 n.3 (7th Cir. 1993)). Plaintiff has made no such plausible allegations against Defendants Baranovici, Chiselovi, and Coscodan.

      Plaintiff does not differentiate between the Individual Defendants, much less identify how each of them allegedly is responsible for the challenged "company-wide" policy of misclassifying Guliev and the purported class. Indeed, Plaintiff lumps the Individual Defendants with the Corporate Defendants and simply makes conclusory allegations against the collective Defendants. (*See* Am. Compl. ¶¶ 39, 40); *Iqbal*, 556 U.S. at 678. Her Amended Complaint is wholly void of any suggestion that the Individual Defendants made the decision to hire the drivers, classify the purported class as independent contractors, determine their compensation, or purportedly deduct from their compensation. (*See id.* at ¶¶ 33—40). Rather, Plaintiff refers to the definition of "employer" in 29 U.S.C. §§ 203(e) and 206(a) [*see id.* at ¶¶ 37, 71] which is merely "labels and

7

conclusions" insufficient to withstand a motion to dismiss. *See Bohr v. Corrigan Moving Systems*, No. 09-C-4281, 2009 WL 3517748, at *1-2 (N.D. Ill. 2009) (dismissed plaintiff's claims because she recited the definition of "employer" under the FLSA, IMWL, and IWPCA). Similarly, Plaintiff recites the "economic realities" factors without providing any specific factual support tying each of the Individual Defendants to the alleged decisions. (*See id.* at ¶¶ 35, 40); *Herself*, 790 F. Supp. at 795. Thus, Plaintiff's allegations against the Individual Defendants are nothing more than conclusory assertions, and therefore, she fails to state a cognizable claim against the Individual Defendants under the FLSA and, by extension, the IMWL. *See Herself*, 790 F. Supp. at 795, n. 3. Thus, Counts I, II, and III against the Individual Defendants must be dismissed in their entirety with prejudice.

      **3.    Plaintiff's Allegations Of "Willful" Violation Under FLSA Against The Defendants Are Bare Bones And Insufficiently Plead.**

A cause of action under the FLSA may be brought within two years of accrual; three years if the cause of action arises out of a willful violation. 29 U.S.C. § 255(a). It is Plaintiff's burden to provide evidence that Defendants willfully violated the FLSA if she wishes to invoke the three-year statute of limitations. *Jaroch v. Fla. Fruit Juices, Inc.*, No. 17-C-8518, 2020 WL 1288933, at * 3 (N.D. Ill. 2020) (citing *Sampra v. U.S. Dep't of Transp.*, 888 F.3d 330, 333-34 (7th Cir. 2018)). Plaintiff has failed to allege any facts in support of a three-year statute of limitation.

Simply asserting that Defendants "acted willfully" is not sufficient to withstand a motion to dismiss. *See Butler v. E. Lake Mgmt. Grp., Inc.*, No. 10-C-6652, 2013 WL 2112032 at *3 (N.D. Ill. 2013) (dismissed the plaintiff's FLSA claim because his allegations of "willful" violation were wholly devoid of any facts to support such conclusory statement); *Pazda v. Blast Fitness Grp. Pers. Training, LLC*, No. 13-cv-00326, 2013 WL 4659688 at *4 (N.D. Ill. 2013) (dismissed the FLSA claim because plaintiff failed to assert any facts in support of a "willful" violation of the

8

FLSA and "[s]imply stating Defendant knew that its compensation policies were in violation" is vague and "falls well short of the mark for pleading 'willfulness'"); *Wilson v. Pioneer Concepts, Inc.*, No. 11-cv-2353, 2011 WL 3950892, at *3 (N.D. Ill. 2011) (dismissed the plaintiff's FLSA claims because her allegations of "willful" violations are "nothing more than conclusory recitals of a cause of action). Here, Plaintiff makes the naked assertion as to how Defendants (with no differentiation between the Corporate Defendants and the Individual Defendants) "willfully" violated the FLSA. (*See* Am. Compl. ¶¶ 44(a)-(e), 74, 81). Without more, Plaintiff's "willfulness" allegations are, at best, "conclusory recitals of a cause of action." *Wilson*, 2011 WL 3950892, at *3. Therefore, Counts I and II of Plaintiff's Amended Complaint should be dismissed in its entirety with prejudice.

## IV. CONCLUSION

For these reasons, Defendants respectfully request this Court to grant their Motion, dismiss Counts I, II, III, and IV of Plaintiff's Amended Complaint in its entirety, and grant any other such relief as this Court deems just.

Dated: January 28, 2022

Respectfully submitted,

**GOLD STAR CARRIERS INC., GSC TRANSHOLDING LLC, GSC CARRIERS, TTS TRANSPORT INC., VICTOR EXPRESS TRUCKING, INC., VICTOR BARANOVICI, ALEXANDRA CHISELIOV, and DANIELA COSCODAN**,

        */s/ Sang-yul Lee*
           One of Their Attorneys

Sang-yul Lee
Jin J. To
K&L Gates, LLP
70 W. Madison Street

9

Suite 3300  
Chicago, Illinois 60602-4207  
Telephone: (312) 807-4373  
Facsimile: (312) 827-8008  
Sangyul.Lee@klgates.com  
Jin.To@klgates.com  
**Attorneys for Defendants**

10

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2022, I electronically filed the foregoing Defendants' Memorandum In Support Of Their Motion To Dismiss Plaintiff's First Amended Complaint with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record who are registered with the CM/ECF system.

                                                  */s/ Sang-yul Lee*
                                                   Sang-yul Lee