**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION AT CHICAGO**

|  |  |  |
|---|---|---|
| Nina Abdurakhmanova, Voluntary Administratix of the Estate of Ramiz Guliev, on behalf Ramiz Guliev and all others similarly situated, | ) ) ) ) | Case No.: 1:21-cv-4809 (JJT) (JTG) |
|  | ) | Hon. Judge John J. Tharp Jr. |
| Plaintiffs, | ) ) | Mag. Judge Jeffrey T. Gilbert |
| -against- | ) ) |  |
| GOLD STAR CARRIERS INC., GSC TRANSHOLDING LLC, GSC CARRIERS, TTS TRANSPORT INC., VICTOR EXPRESS TRUCKING, INC., VICTOR BARANOVICI, ALEXANDRA CHISELIOV, and DANIELA COSCODAN, | ) ) ) ) ) ) ) ) |  |
| Defendants. | ) | *JURY TRIAL DEMANDED* |

**DEFENDANTS' REPLY IN SUPPORT OF**
**THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

## I. INTRODUCTION

Defendants Gold Star Carriers Inc. ("GSC"), GSC Transholding LLC, GSC Carriers, TTS Transport Inc., Victor Express Trucking, Inc. (collectively, the "Corporate Defendants"), Victor Baranovici ("Baranovici"), Alexandra Chiseliov ("Chiseliov"), and Daniela Coscodan ("Coscodan") (collectively, the "Individual Defendants") (collectively, "Defendants") submit this Reply in support of their Motion to Dismiss in response to Voluntary Administratix of the Estate of Ramiz Guliev, on behalf of Ramiz Guliev ("Guliev"), Plaintiff Nina Abdurakhmanova's ("Plaintiff") Response In Opposition ("Opposition") [Dkt. No. 13] to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("Motion").   As stated below, Plaintiff has insufficiently pled her claims under the Illinois Wage Payment and Collections Act ("IWPCA") (Count IV) because she does not tie her allegations to an existing agreement or contract.  Nor does

Plaintiff dispute that the IWPCA does not provide recovery for overtime pay. She also fails to state a claim under the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL") (Counts I, II and III) because she has failed to sufficiently allege individual liability and that the Defendants "willfully" violated the FLSA.

For the reasons set forth in Defendants' Memorandum in Support of its Motion ("Memorandum") [Dkt. No. 9], as well as the following reasons, this Court should grant, in its entirety, Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("Amended Complaint" or "Am. Compl.") [Dkt. No. 6].

## II. ARGUMENT

### A. Plaintiff Has Not Stated A Claim For Recovery Under The Illinois Wage Payment and Collections Act

As a threshold matter, Plaintiff failed to adequately respond to Defendants' assertion that the IWPCA is not the appropriate mechanism to recover overtime pay, and therefore, Count IV of her Amended Complaint should be dismissed. Indeed, Plaintiff's own statement, "[Defendants'] focus on the overtime aspect is misguided," [Opposition, p. 6], is an "unresponsive response," which is "no response." *See Kirksey v. R.Y. Reynolds Tobacco Co.*, 168 F. 3d 1039, 1041 (7th Cir. 1999) (equating an "unresponsive response" to a motion to dismiss to default judgment); *Alioto v. Town of Lisbon*, 651 F. 3d 715, 721 (7th Cir. 2011) ("Longstanding under our case law is the rule that a person waives an argument by failing to make it before the district court . . . We apply that rule where a party fails to develop arguments related to a discrete issue, and we also apply that rule where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss") (internal citations omitted). Because Plaintiff failed to develop any substantial argument in response to Defendants' assertion that the IWPCA is not the proper vehicle for

2

claiming minimum wage and overtime pay, she has waived this argument and thus—on this basis alone—the Court should dismissed Count IV of her Amended Complaint.

Even if this Court were to find that the IWPCA provides recovery for overtime pay, Plaintiff misses the point by insisting an "employment contract or agreement" under the IWPCA "*need not* be formally negotiated or written" and that the law "requires only the manifestation of mutual assent." (Opposition, p. 6). Defendant does not dispute that a formal employment contract or agreement is necessary. The IWPCA "only enforces the terms of an existing contract or agreement," and Plaintiff concedes that the IWPCA "mandates payment of wages *only* to the extent that parties' contract or employment agreement requires such payment." (*Id.* at p. 5) (emphasis added). The crux of Plaintiff's problem for this count is that she ignores the fact that her allegations do not link to any terms or conditions of an existing contract or agreement. Plaintiff claims she has asserted enough to infer that Guliev and Defendants "had an employment agreement that embodied that [demonstrable formula for work done]" by pointing to her allegation that Guliev was paid based on a "percentage of freight" and that his pay was "subject to illegal deductions made for truck rental, IFTA, insurance, mileage, safety support, and fuel." (*Id.* at p. 6). Yet, as noted in the Memorandum, Plaintiff did not provide the relevant pay stubs, any employment agreement, or any other customary workplace document (such as an offer letter for employment) suggesting that the so-called "implied-in-fact agreement" between Defendants and Guliev, in fact, must exist. (Memorandum, pp. 5-6). If such an agreement exists between Guliev and Defendants, Plaintiff must tie her claims for unpaid wages to such an agreement or other reliable document in order to sufficiently plead a claim under the IWPCA. She has failed to do so, and therefore, Count IV of Plaintiff's Amended Complaint must be dismissed in its entirety.

**B.** **Plaintiff Has Failed To State A Claim For Individual Liability Under The Fair Labor Standards Act And The Illinois Minimum Wage Law[1]**

Plaintiff asserts that she has established individual liability because the Seventh Circuit "merely requires the existence of 'supervisory authority' and that the individual 'was responsible in whole or part for the alleged violation.'" (Opposition, p. 9). Even if this Court does not assess the "economic reality" of the working relationship,[2] Plaintiff failed to establish how the Individual Defendants were responsible for the alleged violation. Contrary to Plaintiff's assertions, she did not specifically plead that the *Individual* Defendants required Plaintiff and similarly situated employees to follow their policies and rules. (Opposition, p. 9). As set forth in the Memorandum, Plaintiff simply lumped in the Individual Defendants with the Corporate Defendants and then proceeded to make generalized and conclusory allegations against the collective Defendants as a group of her own making. (Memorandum, p. 7). The generalized and conclusory allegations set forth in the Amended Complaint include:

> "38. *Defendants* employed Plaintiff and similarly situated employees . . .
>
> 39. *Defendants* . . . had substantial control over the working conditions of Plaintiff and similarly situated workers, and over the unlawful policies and practices. . .
>
> 40. *Defendants* controlled Plaintiff's and similarly situated employees' terms and conditions of employment by determining their compensation, setting their schedules, requiring Plaintiff and similarly situated employees to follow their policies and rules . . ."

---

[1] IMWL's definition of "employer" parallels the FLSA, and therefore, the same analysis will generally apply to both the FLSA and the IMWL. (Memorandum, p. 7); (Opposition, p. 8, n. 5).

[2] (Memorandum, p. 7) (quoting *Herself v. Penn Nat'l Gaming Inc.*, 790 F. Supp. 2d 787, 795 (N.D. Ill. 2011).

(Am. Compl. ¶¶ 38—40) (emphasis added).

"Failure to distinguish between Defendants is impermissible insofar as it 'fails to place each defendant on notice as to its alleged wrongful conduct.'" *Hughes v. Scarlett's G.P., Inc.*, No. 15-cv-5546, 2016 2016 WL 454348, at * 7 (N.D. Ill. Feb. 5, 2016), *aff'd* 2016 WL 4179153, at *4 (N.D. Ill. Aug. 8, 2016) (citing *Specht v. Google, Inc.*, 660 F. Supp. 2d 858, 865 (N.D. Ill. 2009). Without distinguishing how, as the owner of Corporate Defendants, Defendant Baranovici supervised Guliev and is responsible for the alleged violation, or how—as purported managers— Defendants Chiseliov and Coscodan supervised Guliev, and are somehow responsible for some alleged violation, Plaintiff's Amended Complaint does not sufficiently allege individual liability.[3] Plaintiff cannot now attempt to amend her allegations in the Opposition. *Webb v. AWA Collections*, No. 20-C-5656, 2021 WL 3142169, at *6 (N.D. Ill. Jul. 26, 2021) ("[T]he law holds that briefs in opposition to a motion to dismiss cannot amend a complaint.").

Plaintiff proposes that *Roberts v. Apple Sauce, Inc.*, 945 F. Supp. 2d 995 (N.D. Ind. 2013)[4] is instructive here, but she has misapplied *Roberts*. The plaintiff in *Roberts* alleged that an individual defendant was the president and the sole living shareholder who is involved in the day-to-day operations of the corporate defendant, including the policies that gave rise to the wage claims. There lies the distinction. In this instant case, Plaintiff does not differentiate the Individual

---

[3] In a lengthy and an irrelevant footnote, Plaintiff requests that this Court take judicial notice of her workers' compensation claim ("WC Claim") against GSC pending in Illinois Workers' Compensation Commission ("IWCC") because it demonstrates that Defendants are "apparently prepared to bankrupt their corporate entities," which is purportedly the reason why Defendants want to "rid the [I]ndividual Defendants of any personal liability." (Opposition, p. 5, n. 2). In support of this conspiracy theory, Plaintiff points to GSC's purported failure to appear in response to Plaintiff's WC Claim. This conjecture is speculative, at best, and is a red herring that is wholly irrelevant to her allegations of unpaid minimum wages and overtime pay. As such, this Court should not take judicial notice of her WC Claim.

[4] Because *Roberts* is a case decided from the United States District Court For Northern District of Indiana, it is not binding on this Court.

5

Defendants from the Corporate Defendants in her specific allegations. The only distinction asserted for Defendant Baranovici is that he is the "owner and principal of the Corporate Defendants." (Am. Compl., ¶ 33). However, "[m]ere ownership is insufficient to hold an employee or officer individually liable." *Cardenas v. Ray R. Grozdic, Mike M. Grozdic, & Real Estate Advisors, Inc.*, 67 F. Supp. 3d 917, 923 (N.D. Ill. 2014) (finding the owner of the corporate defendant was not an "employer" under the FLSA because he did not supervise and had no relationship the plaintiff) (citing *Alvarez Perez v. Sanford Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1161 (11th Cir. 2008)); *Gonzalez v. J. Salerno & Son, Inc.*, No. 16-cv-5120, 2018 WL 1384106, at \*5 (N.D. Ill. 2018) (finding the owner of the corporate defendant was not an "employer" under the FLSA because of his lack of involvement in the day-to-day operation).

Likewise, Plaintiff claims that Defendants Chiseliov and Coscodan "have managerial authority over the Corporate Defendants," but without more, "unexercised authority is insufficient to establish liability as an employer." (Am. Compl., ¶ 34); *Cardenas*, 67 F. Supp. 3d at 923; *see also Solsol v. Scrub, Inc.* No. 13-cv-7652, 2018 WL 4095103, at \*5 (N.D. Ill. 2018) (finding that, although the individual defendants held high positions at corporate defendant, "which might suggest that they were capable of exercising [any] authority, that alone is insufficient to establish employer liability under the FLSA."). Further, even if *Roberts* is instructive (which it is not for the instant case), it would seemingly apply only when the individual defendant is a "corporate officer with operational control of a corporation's covered enterprise[.]" *Roberts*, 945 F. Supp. at 1005. Defendants Chiseliov and Coscodan, whom Plaintiff simply asserts "have managerial authority over the Corporate Defendants," equating their roles to being general members of management, are not corporate officers. (Am. Compl. ¶ 34). Therefore, Counts I, II, and III against the Individual Defendants must be dismissed in their entirety with prejudice.

### C.     Plaintiff Has Insufficiently Pled Any "Willful" Violation Under FLSA.

In support of her assertion to extend the statute of limitations from two years to three years under the FLSA, Plaintiff relies on a single case, *Phillips v. Help at Home, LLC*, No. 15-C-8954, 2019 WL 266211, at *3 (N.D. Ill. 2018), to establish that her bare bone allegations are sufficient at this early pleading stage, but the case is distinguishable. (Opposition, p. 10). At issue in *Phillips* is whether the plaintiffs could add three individual defendants and relate any claims against them back to the original complaint under the applicable statute of limitations; *Phillips* does not substantively address whether the plaintiffs sufficiently pled a willful violation under the FLSA. *See Phillips*, 2019 WL 266211, at *1, 3. Thus, *Phillips* is not applicable to this instant case.

As discussed in the Memorandum, simply asserting that Defendants "acted willfully" is not sufficient to withstand a motion to dismiss. (Memorandum, pp. 8—9); *see also Kwan Bom Cho v. GCR Corp.*, No. 12-C-4562, 2013 WL 675066, at *2 (N.D. Ill. 2013) (dismissing FLSA claim, including that defendant willfully violated the FLSA, because "merely parrot[ing] the statutory language of the claims that they are pleading" is insufficient). Therefore, Counts I and II of Plaintiff's Amended Complaint should be dismissed in its entirety with prejudice.

## III.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Dismiss Plaintiff's Amended Complaint in its entirety for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and grant any other such relief as this Court deems just.

Dated: March 7, 2022                  Respectfully submitted,

                                        **GOLD STAR CARRIERS INC.,**
                                        **GSC TRANSHOLDING LLC,**
                                        **GSC CARRIERS, TTS TRANSPORT**
                                        **INC., VICTOR EXPRESS TRUCKING,**

**INC., VICTOR BARANOVICI, ALEXANDRA CHISELIOV, and DANIELA COSCODAN,**

_/s/_ Jin J. To
One of Their Attorneys

Sang-yul Lee
Jin J. To
K&L Gates, LLP
70 W. Madison Street
Suite 3300
Chicago, Illinois 60602-4207
Telephone: (312) 807-4373
Facsimile: (312) 827-8008
Sangyul.Lee@klgates.com
Jin.To@klgates.com
**Attorneys for Defendants**

8

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 7, 2022, I electronically filed the foregoing Defendants'
Reply In Support Of Their Motion To Dismiss Plaintiff's First Amended Complaint with the Clerk
of Court using the CM/ECF system, which will send notification of such filing to all counsel of
record who are registered with the CM/ECF system.

*/s/ Jin J. To*
Jin J. To
