IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NINA ABDURAKHMANOVA, Voluntary Administratrix of the Estate of Ramiz Guliev, on behalf of Ramiz Guliev and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOLD STAR CARRIERS INC.; GSC TRANSHOLDING LLC; GSC CARRIERS; TTS TRANSPORT INC.; VICTOR EXPRESS TRUCKING, INC.; VICTOR BARANOVICI; ALEXANDRA CHISELIOV; DANIELA COSCODAN,<br><br>Defendants. | No. 1:21-cv-04809<br><br>Judge John J. Tharp, Jr. |

## MEMORANDUM OPINION AND ORDER

Nina Abdurakhmanova, the widow of Ramiz Guliev and the administratrix of his estate, alleges that the defendants in this action violated the Fair Labor Standards Act of 1938 (FLSA),[1] the Illinois Minimum Wage Law (IMWL),[2] and the Illinois Wage Payment and Collection Act (IWPCA)[3] by depriving Guliev and similarly situated truck drivers of wages and overtime pay. Pending before the Court is the defendants' motion to dismiss Abdurakhmanova's amended complaint. Because, considering the defendants' arguments, Abdurakhmanova has stated a claim under the FLSA and the IMWL but not the IWPCA, the motion is granted in part and denied in part.

---

[1] 29 U.S.C. § 201 *et seq.*

[2] 820 Ill. Comp. Stat. 105/1 *et seq.*

[3] 820 Ill. Comp. Stat. 115/1 *et seq.*

I.      BACKGROUND[4]

The amended complaint alleges that the five corporate defendants—Gold Star Carriers Inc., GSC Transholding LLC, GSC Carriers, TTS Transport Inc., and Victor Express Trucking, Inc.—collectively form "a nationwide company that provides shipping, transport, and logistics services." Am. Compl. 1 ¶ 1, ECF No. 6. Guliev began driving trucks for that company in November 2016, typically working between fifty and seventy hours each week. Because the company classified Guliev as an independent contractor, it based his pay on "a percentage of freight amount" rather than hours worked and deducted business expenses such as "truck rental, IFTA, insurance, mileage, safety, support, and fuel" from his paycheck. *Id.* at 4 ¶ 20.

After Guliev's "untimely death in a tragic trucking accident" in November 2019, *id.* at 3 ¶ 15, Abdurakhmanova became the administratrix of Guliev's estate. Abdurakhmanova filed this suit in September 2021, arguing that the company's payment scheme undercompensated Guliev in violation of state and federal law because he was an employee rather than an independent contractor.[5] Specifically, Abdurakhmanova alleged that the payment scheme violated (1) the

---

[4] In reviewing the defendants' motion to dismiss, the Court "accept[s] as true all of the well-pleaded facts in the [amended] complaint and draw[s] all reasonable inferences in favor of the plaintiff." *Kubiak v. City of Chicago*, 810 F.3d 476, 480-81 (7th Cir. 2016).

[5] To state a minimum wage claim under the FLSA or the IMWL, "a plaintiff . . . must provide sufficient factual context to raise a plausible inference there was at least one workweek in which he or she was underpaid." *Hirst v. Skywest, Inc.*, 910 F.3d 961, 966 (7th Cir. 2018); *see Nehmelman v. Penn Nat'l Gaming, Inc.*, 790 F. Supp. 2d 787, 795 n.3 (N.D. Ill. 2011). In the amended complaint, Abdurakhmanova highlights a week in which Guliev worked 70 hours and received a net payment of $1,074.97 "based on a percentage of freight." Am. Compl. 4 ¶ 20. Based on those allegations, his compensation for the week implies an hourly rate of $15.35. *See Hirst v. Skywest, Inc.*, No. 15-cv-02036, 2016 WL 2986978, at *5 (N.D. Ill. May 24, 2016) (Tharp, J.) ("In determining whether an employer has violated the minimum wage provision of the FLSA, courts uniformly calculate the hourly wage over the course of a workweek—*i.e.*, dividing the total compensation an employee received in a workweek by the compensable hours worked."). That rate is above the FLSA and IMWL minimum wages of $7.50 per hour and $8.25 per hour, respectively. The defendants, however, have not challenged the adequacy of the allegations of underpayment in their motion to dismiss.

2

FLSA, which requires that employees receive a minimum wage of $7.25 per hour and overtime at 1.5 times the regular rate, (2) the IMWL, which requires that employees receive a minimum wage—at the time of Guliev's work, $8.25 per hour—and overtime at 1.5 times the regular rate, and (3) the IWPCA, which requires timely payment of agreed-upon wages.[6] 29 U.S.C. §§ 206(a)(1)(C), 207(a)(1); 820 Ill. Comp. Stat. 105/4(a)(1), 105/4a(1), 115/4, 115/14(a).

Based on these purported violations, Abdurakhmanova sought relief on behalf of an FLSA collective (federal claims) and a putative class of truck drivers (state claims). *See* 29 U.S.C. § 216(b); Fed. R. Civ. P. 23. Abdurakhmanova sued not only the five corporate defendants for whom Guliev worked, but also three individuals associated with those defendants: Victor Baranovici, Alexandra Chiseliov, and Daniela Coscodan. All eight defendants moved to dismiss the amended complaint under Fed. R. Civ. P. 12(b)(6).[7]

## II. DISCUSSION[8]

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir.

---

[6] It bears noting that to state a claim under the IMWL or the IWPCA, a plaintiff must allege a connection to the state of Illinois. *See Dobrov v. Hi-Tech Paintless Dent Repair, Inc.*, No. 20-cv-00314, 2021 WL 1212796, at *4-5 (N.D. Ill. Mar. 31, 2021) (discussing the "requirement that . . . IMWL claims arise in Illinois"); *Cline v. FitzMark Chi., Inc.*, No. 21-cv-04253, 2023 WL 2711615, at *5 (N.D. Ill. Mar. 30, 2023) ("[A] plaintiff may not bring a claim under the IWPCA if they were not a resident of Illinois and they performed no work in Illinois . . . ."). The amended complaint alleges that "a substantial part of the events or omissions giving rise to the claims [at issue] occurred in this District," and it notes that the defendants are Illinois citizens. Am. Compl. 3, 5 ¶¶ 13, 32. But it makes no allegation as to Guliev's citizenship, nor does it allege that Guliev performed any work in Illinois during the relevant periods. *See id.* at 4 ¶ 20 (noting only that, during one week of work, Guliev "traveled from New York to Kentucky, then to Tennessee, then to Texas, and then to Utah"). The defendants, however, do not argue for dismissal based on lack of an Illinois connection.

[7] The amended complaint is identical to the initial complaint, except that it lists an attorney whose admission was previously pending as "admitted *pro hac vice*." Am. Compl. 18.

[8] The Court has jurisdiction over Abdurakhmanova's FLSA claims under 28 U.S.C. § 1331 and her IMWL and IWPCA claims under 28 U.S.C. § 1367(a).

3

2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint states a plausible claim for relief when, ignoring "[t]hreadbare recitals of the elements of a cause of action" and "mere conclusory statements," it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although a "formulaic recitation of the elements of a cause of action will not do," a plaintiff "must provide only enough detail to give the defendant fair notice of what the [plausible] claim is and grounds upon which it rests." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (quotation marks omitted).

Here, the defendants argue that the amended complaint must be dismissed for three reasons. First, the IWPCA claims must be dismissed because the complaint identifies no agreement or provision under which money is owed. Mot. to Dismiss Mem. 5-6, ECF No. 9. Second, the allegations in the complaint are insufficient to establish the individual defendants' liability under the FLSA and the IMWL. *Id.* at 7-8. Third, and in any event, the FLSA claims are time-barred because Abdurakhmanova "has failed to allege any facts in support of a three-year statute of limitations." *Id.* at 8-9. While the Court finds the first argument persuasive, the second and third lack merit.[9]

### A. The FLSA Claims

Because the dismissal of Abdurakhmanova's FLSA claims would likely lead to the dismissal of her state-law claims, *see* 28 U.S.C. § 1367(c)(3), the Court begins by examining the defendants' second and third arguments as they relate to the FLSA. The Court specifically begins

---

[9] The defendants ask for dismissal of the amended complaint "in its entirety." Mot. to Dismiss Mem. 2. But even accepting all three arguments as correct, the Court would not be able to grant the defendants the relief they seek. A two-year statute of limitations would still allow FLSA recovery against all defendants, *see infra* section II.A.1, and the defendants limit their other FLSA arguments to the individuals named in the amended complaint.

4

with the third argument, which targets the FLSA claims against all defendants, corporate and individual.

1.      **Statute of Limitations**

An action to recover "unpaid minimum wages, unpaid overtime compensation, or liquidated damages" under the FLSA is "forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). "[C]ourts in this district and others have found that for statute of limitations purposes, FLSA claims . . . accrue each payday." *Nehmelman v. Penn Nat'l Gaming, Inc.*, 790 F. Supp. 2d 787, 792 (N.D. Ill. 2011) (citing cases); *see, e.g.*, *Schultz v. Am. Fam. Mut. Ins. Co.*, No. 04-cv-05512, 2005 WL 5909003, at *5 (N.D. Ill. Nov. 1, 2005) ("An FLSA claim accrues at each . . . payday immediately following the work period during which the services . . . were rendered." (quotation marks omitted)).

According to the defendants, Abdurakhmanova's FLSA claims are "forever barred" because she has made only conclusory allegations regarding willfulness. 29 U.S.C. § 255(a); *see* Mot. to Dismiss Mem. 8-9. The burden is on the plaintiff to show willfulness, after all, *see, e.g.*, *Jaroch v. Fla. Fruit Juices, Inc.*, No. 17-cv-08518, 2020 WL 1288933, at *3 (N.D. Ill. Mar. 18, 2020), and here Abdurakhmanova has simply asserted that the defendants "willfully violated the FLSA," Mot. to Dismiss Mem. 9 (quotation marks omitted). Thus the two-year, not the three-year, statute of limitations applies, and none of the FLSA claims can move forward.

This argument has three issues. First, even if a two-year statute of limitations applied, at least some of Abdurakhmanova's FLSA claims could proceed. Abdurakhmanova "commenced" her FLSA claims on September 10, 2021 (the date she filed her initial complaint), so a two-year

5

statute of limitations would permit recovery for claims accruing on or after September 10, 2019. *See* 29 U.S.C. §§ 255(a), 256. Guliev passed away on November 12, 2019, and he worked for the defendants between September 10 and November 12 of that year. Because there was at least one post-September 10 payday compensating Guliev for his work,[10] even the broadest version of the defendants' argument would not permit dismissal of the amended complaint "in its entirety." Mot. to Dismiss Mem. 2; *cf. Cline v. FitzMark Chi., Inc.*, No. 21-cv-04253, 2023 WL 2711615, at *4 (N.D. Ill. Mar. 30, 2023) ("[T]he short length of the damages period and the modest amount of any potential recovery are not relevant to the Court's analysis here.").

Second, the relevant statute of limitations would be three years, not two years. Although the parties disagree, and courts in this District are somewhat divided, on what must be alleged regarding willfulness to extend the statute of limitations,[11] this Court has taken the position that "bare allegations of willfulness are sufficient to stave off statute of limitations challenges at the pleadings stage." *Diaz v. E&K Cleaners, Inc.*, No. 16-cv-07952, 2018 WL 439120, at *4 (N.D. Ill. Jan. 16, 2018) (Tharp, J.). That is because "[e]vidence of willfulness is uniquely within the province of defendants, and FLSA plaintiffs are unlikely to be able to state a willfulness claim absent discovery." *Id.* In the Court's view, this position "is [still] sound." *Id.* Thus, Abdurakhmanova could recover for claims accruing on or after September 10, 2018—an even larger window than the one discussed above.

---

[10] Guliev was working for the defendants at the time of his death, and Abdurakhmanova's response mentions "her late husband's last paycheck." Resp. 5, ECF No. 13. In any event, assuming there was no such payday would inappropriately draw an inference in favor of the defendants. *See supra* note 4.

[11] Abdurakhmanova argues, and some courts have found, that "[a]t the pleading stage, . . . all that is required is a general allegation that the defendant's actions were willful." *Divine v. Volunteers of Am. of Ill.*, 319 F. Supp. 3d 994, 1001 (N.D. Ill. 2018); *see also, e.g., Cline*, 2023 WL 2711615, at *4-5. The defendants argue, and some courts have found, that a conclusory assertion of willfulness "falls well short" of the requisite pleading standard. *Butler v. E. Lake Mgmt. Grp., Inc.*, No. 10-cv-06652, 2013 WL 2112032, at *3 (N.D. Ill. May 15, 2013).

6

Third, and most importantly, the Court need not consider statute-of-limitations arguments at the pleading stage. "[T]he statute of limitations is typically an affirmative defense," *id.*, and "complaints do not have to anticipate affirmative defenses to survive a motion to dismiss," *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). There is, of course, an exception to this rule where "the allegations of the complaint . . . set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *Id.* But for the reasons stated above, that is not the case here. Although Abdurakhmanova may not be able to recover based on paydays preceding a certain date, the Court declines to dismiss any of her FLSA claims as time-barred at this juncture.[12] The defendants' third argument for dismissal fails.

### 2. Individual Liability

Accepting that Abdurakhmanova's FLSA claims are not time-barred for purposes of the defendants' motion, should those claims be dismissed on other grounds? In their second argument, the defendants say yes—at least as to the individual defendants.

Under the FLSA, an employee may sue "[a]ny employer" to recover "unpaid minimum wages[] or . . . unpaid overtime compensation." 29 U.S.C. § 216(b). Although "employer" might call to mind a business entity, the FLSA defines the term to include "any person acting directly or indirectly in the interest of an employer." *Id.* § 203(c). That definition is broad enough to "permit naming [an individual] rather than [a business] as [a] defendant," provided that the individual "had supervisory authority over the complaining employee and was responsible in

---

[12] Although the Court would ordinarily narrow the scope of Abdurakhmanova's claims, dismissing those claims seeking recovery for alleged violations accruing before September 10, 2018 (three years prior to filing), it declines to do so here. Because Abdurakhmanova has indicated that she "will seek to equitably toll the statute of limitations from the date of Guliev's death until the time [she] received limited letters of administration to pursue the [FLSA] claims," Am. Compl. 7 ¶ 42 & n.2, some or all claims predating September 10, 2018, may still be viable.

7

whole or part for the alleged [FLSA] violation." *Riordan v. Kempiners*, 831 F.2d 690, 694 (7th Cir. 1987). Factors relevant to supervisory authority and responsibility include whether the individual (1) "had the authority to hire or fire the employee," (2) "controlled the employee's hours or employment conditions," (3) "determined the rate and method of the employee's payment," and (4) "maintained employment records." *Brown v. Select One, Inc.*, No. 24-cv-00903, 2024 WL 3398362, at *5 (N.D. Ill. July 12, 2024); *see also Schneider v. Cornerstone Pints, Inc.*, 148 F. Supp. 3d 690, 696-98 (N.D. Ill. 2015). These are sometimes referred to as the "economic reality" factors. *Schneider*, 148 F. Supp. 3d at 697.

In the defendants' view, Abdurakhmanova has not sufficiently alleged that any of Baranovici, Chiseliov, or Coscodan are employers. That is so, they say, for two reasons. First, the amended complaint inappropriately "lumps the Individual Defendants with the Corporate Defendants." Mot. to Dismiss Mem. 7. Failure to distinguish between FLSA defendants is impermissible "insofar as it fails to place each defendant on notice as to its alleged wrongful conduct," and simply alleging that all defendants were responsible for the alleged violation will not do. *Hughes v. Scarlett's G.P., Inc.*, No. 15-cv-05546, 2016 WL 454348, at *3 (N.D. Ill. Feb. 5, 2016) (cleaned up). Second, the amended complaint makes nothing but "conclusory allegations [about employer status] against the collective Defendants," including the individual defendants.[13] Mot. to Dismiss Mem. 7.

The Court finds the defendants' arguments unconvincing. Regarding the first, it is true that courts in this District have dismissed FLSA claims based on impermissible "lumping." *See, e.g.*, *Berger v. PIKR, Ltd.*, No. 14-cv-08543, 2015 WL 2208200, at *3 (N.D. Ill. May 8, 2015).

---

[13] Curiously, the defendants do not argue that Abdurakhmanova's FLSA claims against the corporate defendants should be dismissed on either ground. That is so even though the claims are based on the same (allegedly conclusory and overbroad) allegations.

8

But they have done so only when the operative complaint "does not . . . specify each defendant's alleged role with respect to the plaintiff's employment," *see id.* at *2-3; *Hughes*, 2016 WL 454348, at *3, and here each defendant's role is readily apparent. The amended complaint alleges that each of the named defendants (1) determined the compensation of Guliev and similarly situated employees, (2) set their schedules, (3) required them to follow their policies and rules, (4) hired and fired them, and (5) maintained records regarding their employment, and the Court views these specific allegations as sufficient to put each defendant on notice. Am. Compl. 6 ¶ 40; *cf. Hughes*, 2016 WL 454348, at *3 (ordering dismissal because the plaintiffs offered "no specific allegations" regarding any named defendant's role).

In advocating for a contrary conclusion, the defendants ask the Court to rely on the fact that Abdurakhmanova does not separate her allegations by defendant. *See, e.g.*, Reply 4, ECF No. 14 (taking issue with certain allegations using "Defendants," as opposed to, for example, "Defendant Baranovici"). The Court, however, declines to adopt this formalistic approach. By alleging that "Defendants" engaged in certain actions, Abdurakhmanova has alleged that each defendant engaged in those actions: The language used is no different than saying "Defendants Gold Star Carriers, GSC Transholding, GSC Carriers, TTS Transport, Victor Express Trucking, Baranovici, Chiseliov, and Coscodan determined Guliev's compensation, set his schedule, and so on."[14] *See* Am. Compl. 6 ¶ 40. The Court thus rejects the idea that the amended complaint "is wholly void of any suggestion that the Individual Defendants made the decision to hire the

---

[14] Although this Court rejected a similar reading in *Chamberlain Group, Inc. v. Techtronic Industries North America, Inc.*, it did so because such a reading was "simply implausible." No. 16-cv-06113, 2017 WL 4269005, at *3 (N.D. Ill. Sept. 26, 2017) (Tharp, J.) (noting that "[m]any of the allegations in the complaint simply *cannot* be true" of all the defendants). Here, by contrast, it is plausible that each defendant took each alleged action in some form.

9

drivers, classify the purported class as independent contractors, determine their compensation, or . . . deduct from their compensation." Mot. to Dismiss Mem. 7; *see also* Reply 4.[15]

Regarding the defendants' second argument, Abdurakhmanova has adequately alleged that the individual defendants "may qualify as employers under the FLSA." *Noe v. Smart Mortg. Centers, Inc.*, No. 21-cv-01668, 2022 WL 846183, at *4 (N.D. Ill. Mar. 22, 2022). Although the allegations against the individual defendants largely track the four "economic reality" factors, nothing more is needed at this early stage. Plaintiffs are not "required to [provide] details about how defendants supervised their work," and the amended complaint alleges that the individual defendants—an "owner and/or principal" and two managers—both had and exercised authority consistent with employer status.[16] *Id.*; *see* Am. Compl. 5-6 ¶¶ 33-35, 40. Taken together, these allegations form a plausible claim that the individual defendants were employers. *See Brown*, 2024 WL 3398362, at *5-6 (declining to dismiss an FLSA claim against a manager based on similar allegations); *Noe*, 2022 WL 846183, at *4 (same, for claims against corporate leaders); *Roberts v. Apple Sauce, Inc.*, 945 F. Supp. 2d 995, 1005 (N.D. Ind. 2013) (same, for a claim against an owner); *see also Nehmelman*, 790 F. Supp. 2d at 797 ("FLSA claims are generally

---

[15] Even accepting the defendants' notice arguments, the Court would not dismiss the FLSA claims against the individual defendants on notice grounds. In *Berger v. PIKR, Ltd.*, the court determined, based on a bare assertion that "the defendants, collectively, operate[d] the restaurant" at issue, that the FLSA claims against certain corporate defendants should be dismissed. 2015 WL 2208200, at *3. It noted, however, that the allegation was "facially plausible as applied to . . . [the] general manager" of the restaurant, and so it declined to dismiss the FLSA claim against the manager. *Id.* Here, too, the Court would find Abdurakhmanova's specific allegations plausible as to the individual defendants (two managers and the principal), even if a lack of notice might justify dismissing the claims against defendants "further up the organizational chain." *Id.*

[16] The defendants claim Abdurakhmanova has alleged only "unexercised authority," which is "insufficient to establish liability as an employer." Reply 6 (quoting *Cardenas v. Grozdic*, 67 F. Supp. 3d 917, 923 (N.D. Ill. 2014)). But that claim rests on a theory the Court has already rejected: the amended complaint's failure to "differentiate [between] the Individual Defendants [and] the Corporate Defendants in [its] specific allegations." *Id.* at 5-6.

simple and do not require a fuller set of factual allegations to render them plausible." (quotation marks omitted)). The defendants' second argument for dismissal, at least as it relates to the FLSA, also fails.

In sum, the defendants' arguments that Abdurakhmanova's FLSA claims should be dismissed are unavailing. The FLSA claims against both the corporate and individual defendants can proceed, and the Court may not "decline to exercise supplemental jurisdiction" under 28 U.S.C. § 1367(c)(3).

B.  The IMWL Claims

Having determined that the FLSA claims can proceed, the Court next turns to whether the IMWL claims can proceed. Answering this question is straightforward.

The defendants advance their second argument for dismissal—that Abdurakhmanova has not sufficiently alleged the individual defendants are employers—as to both the FLSA and the IMWL claims in the amended complaint.[17] This coupling makes sense: The IMWL "parallels the FLSA," including in its definition of "employer," and "the same analysis generally applies to both statutes." *Nehmelman*, 790 F. Supp. 2d at 795 n.3; *see* 820 Ill. Comp. Stat. 105/3(c) (defining "employer" to include "any person or group of persons acting directly or indirectly in the interest of an employer"). Accordingly, if the amended complaint "fails to state a cognizable claim against the Individual Defendants under the FLSA" because they are not employers, it "by extension" fails to state a cognizable claim under the IMWL. Mot. to Dismiss Mem. 8.

The amended complaint, however, does not "fail[] to state a cognizable claim against the Individual Defendants under the FLSA." *Id.* For the reasons just discussed, the amended

---

[17] The defendants do not argue that the IMWL claims should be dismissed on statute-of-limitations grounds, presumably because the IMWL's statute of limitations is three years. *See* 820 Ill. Comp. Stat. 105/12(a).

11

complaint's allegations are sufficient to plausibly infer that the individual defendants were employers for FLSA purposes. The same is true for IMWL purposes, and the defendants' second argument for dismissal fails as it relates to the IMWL. The IMWL claims against the corporate and individual defendants, too, can move forward.

### C. The IWPCA Claims

The IWPCA "does not provide an independent right to payment of wages and benefits; instead, it only enforces the terms of an existing contract or agreement." *Wharton v. Comcast Corp.*, 912 F. Supp. 2d 655, 658 (N.D. Ill. 2012); *see* 820 Ill. Comp. Stat. 115/2 (defining "wages" as "any compensation owed an employee by an employer pursuant to an employment contract or agreement"). Thus, to plausibly allege a violation of the IWPCA, an individual "must plead that [some amount of] compensation is due to him or her . . . under an employment . . . agreement" or contract. *Wharton*, 912 F. Supp. 2d at 658 (quotation marks omitted). In their final argument for dismissal (although the first one listed at the beginning of this section), the defendants contend that Abdurakhmanova has not met this pleading threshold. Her IWPCA claims must be dismissed, they say, on two grounds: (1) the amended complaint does not establish the existence of an employment contract or agreement, and (2) she has failed to identify any contractual provision under which Guliev is owed money.

The first ground above is unavailing. "An employment contract or agreement under the IWPCA need not be formally negotiated or written," and such a contract or agreement can stem from "conduct alone." *Deschepper v. Midwest Wine & Spirits, Inc.*, 84 F. Supp. 3d 767, 779 (N.D. Ill. 2015) (quotation marks omitted). Here, the amended complaint alleges that the defendants issued pay stubs to Guliev and other drivers on a weekly basis; that conduct is enough

to infer the existence of an "implied-in-fact agreement."[18] Am. Compl. 15 ¶ 96; *see, e.g.*, *Redmon v. Harris & Harris, Ltd.*, No. 16-cv-11263, 2017 WL 2973581, at *2 (N.D. Ill. July 12, 2017) (finding an IWPCA agreement where the plaintiff "show[ed] up to work every day" and the defendant paid her biweekly).

But while Abdurakhmanova has "successfully alleged an agreement with [the] Defendants," she has "still fail[ed] to state a claim under the IWPCA." *Enger v. Chi. Carriage Cab Co.*, 77 F. Supp. 3d 712, 716 (N.D. Ill. 2014), *aff'd*, 812 F.3d 565 (7th Cir. 2016). That is because, based on her description of the agreement, she has not plausibly alleged the existence of money promised by the defendants but left unpaid. *See Wharton*, 912 F. Supp. 2d at 658.

The amended complaint's theory of IWPCA liability is as follows. First, Guliev and similarly situated drivers had an "implied-in-fact agreement" to be compensated "for all hours worked during their employment" with the defendants. Am. Compl. 15 ¶ 96. The defendants, in other words, agreed to pay Guliev and the drivers some form of compensation for each hour worked. Second, the defendants—contrary to the agreement—made deductions from that agreed-upon compensation.[19] *Id.* ¶ 97. Third, and as a result, the defendants "failed to compensate [Guliev] and [other drivers] for all hours worked," meaning they now "owe . . . wages for hours worked that were not compensated." *Id.* ¶¶ 97-98. Fourth, the defendants did not include "an overtime premium" in the "agreed-upon pay . . . as required by law." *Id.* ¶¶ 97, 99.

---

[18] Although the defendants argue that Abdurakhmanova must "provide . . . pay stubs or [other] documents" to render the agreement's existence plausible, *see* Mot. to Dismiss Mem. 5, "[i]t is axiomatic that, to withstand a motion to dismiss, a plaintiff is not required to provide evidence of or prove the truthfulness of his complaint," *Quinones v. Szorc*, 771 F.2d 289, 291 n.3 (7th Cir. 1985).

[19] The amended complaint states that these deductions were part of "a company-wide policy" implemented by the defendants. Am. Compl. 15 ¶ 97. Although it might be tempting to conclude, given this statement, that the deductions were part of the "implied-in-fact agreement . . . as evidenced by" weekly pay stubs, the Court declines to draw this adverse inference against Abdurakhmanova. *Id.* ¶ 96; *see supra* note 4.

13

This theory has two problems. First, it may well be that the defendants did not include "an overtime premium" in the "agreed-upon pay." *Id.* ¶ 97. But there is no allegation that the parties' agreement *required* an overtime premium, and such an allegation is necessary to recover overtime pay under the IWPCA. *See, e.g.*, *Dominguez v. Micro Ctr. Sales Corp.*, No. 11-cv-08202, 2012 WL 1719793, at *1 (N.D. Ill. May 15, 2012) ("[T]he IWPCA mandates overtime pay . . . only to the extent the parties' contract or agreement requires such pay."). The IWPCA, which "only enforces the terms of an existing contract or agreement," here does not grant any "independent right to [the] payment" of overtime. *Wharton*, 912 F. Supp. 2d at 658.

Second, the Court cannot reasonably infer that the "implied-in-fact agreement" between the parties left unpaid compensation for each hour worked. Am. Compl. 15 ¶ 96. The amended complaint states that the defendants employed Guliev and other drivers "as independent contractors *without an hourly rate*," *id.* ¶ 95 (emphasis added), and both the amended complaint and Abdurakhmanova's brief describe a payment method "based on a percentage of freight amount," *id.* at 4 ¶ 20; *see* Resp. 6, ECF No. 13. Even viewing the amended complaint in the light most favorable to Abdurakhmanova, these express and implied contradictions lead the Court to conclude that (1) the weekly pay stubs issued by the defendants were not based on hours worked, (2) the "implied-in-fact agreement" was not an agreement "to be compensated for all hours worked," and (3) the defendants cannot be liable under the IWPCA for "hours worked that were not compensated." Am. Compl. 15 ¶¶ 96, 98. Accordingly, at least as alleged, there is no "term[] of an existing contract or agreement" entitling Abdurakhmanova to monetary relief. *Wharton*, 912 F. Supp. 2d at 658; *see, e.g.*, *Hughes*, 2016 WL 454348, at *6 ("Plaintiffs here do not plead that the relevant agreement provided for payment of any sort by Defendants. Thus, they have failed to state a claim . . . under the IWPCA." (cleaned up)).

Perhaps, had Abdurakhmanova alleged that the "implied-in-fact agreement" involved compensation for all freight delivered, without any deductions by the defendants, her theory of recovery under the IWPCA would be colorable. Am. Compl. 15 ¶ 96; *see supra* note 19; *Nevarez v. DynaCom Mgmt., LLC*, No. 23-cv-05248, 2024 WL 1579393, at *6 (N.D. Ill. Apr. 11, 2024). But she has not done so (perhaps because it might weaken her wage claims), and in any event the Court will not rewrite the amended complaint in Abdurakhmanova's favor. Because the amended complaint does not set out a plausible IWPCA claim regarding unpaid hourly wages (or, as noted, overtime), the IWPCA claims against the corporate and individual defendants cannot move forward. Nevertheless, "[b]ecause the [IWPCA] pleading defects . . . may be curable," the Court dismisses the IWPCA claims without prejudice. *Hughes*, 2016 WL 454348, at *6.

### III. CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss is granted in part and denied in part. The Court dismisses count four of the amended complaint (the IWPCA claims) without prejudice. The remaining three counts (the FLSA and IMWL claims) may stand as alleged. If Abdurakhmanova wishes to file a second amended complaint consistent with this memorandum opinion and order, she is instructed to do so on or before October 21, 2024. The defendants' response to a second amended complaint, or answer to the non-dismissed portions of the amended complaint, will be due November 4, 2024.

Date: September 30, 2024

John J. Tharp, Jr.
United States District Judge